```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 1 6 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JANICE ELLIG and BRUCE ELLIG,

                        Plaintiffs,

-v-

ALFRED MOLINA and MOLINA, INC. d/b/a
MOLINA FINE JEWELERS,

                        Defendants.
------------------------------------------------------------X

12 Civ. 7927 (KBF)

MEMORANDUM
OPINION & ORDER

KATHERINE B. FORREST, District Judge:

In this diversity dispute over a custom designed diamond ring, defendants Alfred Molina and Molina, Inc. d/b/a Molina Fine Jewelers have moved to dismiss the action for lack of personal jurisdiction or, in the alternative, for a transfer of venue. Defendants argue that they are jewelers domiciled in Arizona and lack sufficient contacts with New York to support general or specific personal jurisdiction there. Plaintiffs argue that Molina and Molina, Inc. did business in New York because they came often for business purposes—including for the purpose of negotiating the sale of the ring here at issue—and maintained an office here.

For the reasons as set forth below, defendants' motion is DENIED.

I. LEGAL STANDARD

A plaintiff bears the burden of demonstrating that the Court has personal jurisdiction over defendants sued. See Penguin Grp. (USA), Inc. v. Am. Buddha, 609 F.3d 30, 34 (2d Cir. 2010). In deciding a challenge to the court's personal

1

jurisdiction, the court may rely on materials outside of the pleadings and affidavits submitted by the parties. See DiStefano v. Carozzi N. Am., 286 F.3d 81, 84 (2d Cir. 2001).

The Court applies a two-step process to determine the adequacy of personal jurisdiction: (1) first, whether general or long-arm jurisdiction exists over the defendants pursuant to the New York Civil Practice Law and Rules ("CPLR") §§ 301-302; and (2) if so, whether exercising jurisdiction comports with the Fourteenth Amendment's requirements for due process. See Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. BP Amoco P.L.C., 319 F.Supp.2d 352, 357 (S.D.N.Y. 2004); see also Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 105 (1987).

General Jurisdiction Under CPLR § 301

General jurisdiction over defendants under CPLR § 301 is proper here under a "solicitation-plus" theory of jurisdiction.

Under N.Y. C.P.L.R. § 301, "general jurisdiction is established if the defendant is shown to have 'engaged in continuous, permanent, and substantial activity in New York.'" See, e.g., United Mobile Technologies, LLC v. Pegaso PCS, S.A. de C.V., 11-2813-CV, 2013 WL 335965 (2d Cir. Jan. 30, 2013). This requires a showing that the defendants are "doing business" in New York, "not occasionally or casually, but with a fair measure of permanence and continuity." See, e.g., Gallelli v. Crown Imports, LLC, 701 F.Supp.2d 263, 271 (E.D.N.Y. 2010)(quoting Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 58 (2d Cir. 1985)). The claim over which plaintiffs seek to assert personal jurisdiction over the defendants need not

relate to the activity that gives rise to general jurisdiction. See Hoffritz for Cutlery, 763 F.2d at 58.

For jurisdiction to be founded on the solicitation of business in New York, however, defendants must engage in "activities of substance" demonstrating that the solicitation is "substantial and continuous". See Laufer v. Ostrow, 55 N.Y.2d 305 (N.Y. 1982); Landoil Resources v. Alexander & Alexander Serv., 918 F.2d 1039, 1043–44 (2d Cir.1990) (citations omitted). The activities of substance may include, in addition to solicitation: (1) the existence of an office in New York; (2) the presence of bank accounts or other property in New York; and (3) the presence of employees or agents in New York. Landoil, 918 F.2d at 1043-44.

II. ANALYSIS

Section 301 Jurisdiction

Plaintiffs make sufficient allegations to constitute a prima facie case of general jurisdiction over defendants in New York, which is all that is required at this stage. See, e.g., Catlin Ins. Co. (UK) Ltd. v. Bernuth Lines Ltd., 12-1773-CV, 2013 WL 406273 (2d Cir. Feb. 4, 2013) (prima facie case is all that is required to defeat 12(b)(2) motion).

It is undisputed that defendants maintained an office on Madison Ave. and 48th St. in New York City, which Molina used primarily as a meeting space when he was in town to purchase wholesale gems. (Aff. of Bruce Ellig ("Ellig Aff.") ¶¶ 10, 12, ECF No. 22.) Further, defendants held themselves out on their promotional materials and web site as having a New York presence. (Aff. of David Newman (See

Jewelry Appraisal, "Newman Aff." Ex. A at 2, 3, 4, ECF No. 21 (letterhead noting location at Madison & 48th Street); Molina Group website, Newman Aff. Ex. B. ("The Molina Group is the parent company of Molina Fine Jewelers in Phoenix and New York."); Holiday Gala brochure, Newman Aff. Ex. F (promotional material for defendants' New York charity gala noting defendants' support for "our New York City communit[y]").) Plaintiffs allege that defendants attended at least one trade show in New York where they sold retail products, and that Molina traveled to New York several times to solicit business and negotiate sales with Christie's Auction House. (See Jeweler Dazzles the Diamond World, Orange Cty. Register Online, Dec. 5, 2012, Newman Aff. Ex. J (reporting that "Molina flew to New York several times . . . to meet with the head of Christies auction house to negotiate terms for selling the Archduke Joseph [diamond].").) In fact, Molina allegedly stayed with plaintiffs 23 times; plaintiffs allege that many of those visits were for business purposes. (Ellig Aff. ¶¶ 3-4.) Finally, and perhaps most importantly, plaintiffs allege that Molina began the negotiations for the purchase of the very ring at issue in this lawsuit in a discussion with plaintiffs at their apartment in New York.[1] (Id. ¶¶ 5 and 6.)

The presence of an office in New York, frequent solicitation of business in New York, and purchase of wholesale products in New York clearly support a "solicitation-plus" finding of general jurisdiction here. Cf. Pacamor Bearings, Inc v.

---

[1] This fact alone may give rise to "transacting business" jurisdiction under C.P.L.R.§ 302. As the general jurisdiction over defendant is quite clear, the Court will not reach the specific jurisdiction analysis.

4

Molon Motors & Coil, Inc., 102 A.D.2d 355 (N.Y. App. Div. 3d Dept. 1984)(insufficient allegations for solicitation-plus jurisdiction where defendant had no office, phone, or bank account in New York and solicited business only via two independent agencies); Aquascutum of London, Inc. v. S.S. American Champion, 426 F.2d 205 (2d Cir. 1970)(no jurisdiction over English freight forwarder whose officials visited New York several times per year to solicit orders but that had no permanent presence in New York and hired agents to transport the goods out of New York).

Due Process

On a record of such continuous and systematic contacts, due process concerns are satisfied as well.[2]

Due process is satisfied when defendants have certain minimum contacts such that maintenance of the suit in the forum does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310. 316 (1945); see also Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). The proper analysis of defendants' contacts with New York asks whether they have engaged in "purposeful availment"—i.e., whether the contacts indicate an intent to invoke the benefits and privileges of New York law. See Deutsche Bank Sec., Inc. v. Montana Bd. of Invs., 7 N.Y.3d 65, 72 (2006); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).

---

[2] The Court notes that the New York negotiations for the ring here at issue are contacts sufficiently related to the instant lawsuit to satisfy due process on a C.P.L.R. § 302(a)(i) "transacting business" jurisdiction theory as well. See, e.g., Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L., 174 F. Supp. 2d 170, 174 (S.D.N.Y. 2001)(section 302(a)(i) due process requirements met for defendant that entered into contract with New York buyer to sell overcoats in New York).

Lastly, if the defendants have sufficient minimum contacts, the Court must also determine that the exercise of personal jurisdiction over these defendants is reasonable. Chloe, 616 F.3d at 172-73. The Supreme Court has established five factors that determine reasonableness.[3] See Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113-14 (1987).

Under this standard, defendants' contacts with New York make it eminently reasonable to exercise personal jurisdiction. Defendants' acts were purposefully directed toward New York—Molina traveled to New York for business, solicited sales at trade shows and social calls, held himself out as having a New York presence, and actually set up a New York office. See, e.g., Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120 (2d Cir. 2002)(vacating lower court's determination of no purposeful availment as to a defendant law firm whose contacts with the forum included law firm partners using an apartment having nothing to do with the claims before the court, but where the firm had advertised in New York and previously performed work for clients in New York). There is no doubt that Molina should have foreseen that he and his company could be haled into a New York court. Further, the exercise of personal jurisdiction is reasonable; plaintiffs' interests in obtaining relief based on a transaction they negotiated in New York

---

[3]The factors are: (1) the burden on the defendant; (2) the interests of the forum State; (3) the plaintiffs' interests in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the Several States in furthering substantive social policies. Asahi, 480 U.S. at 113-14 .

6

outweigh the minimal burden on defendants to defend a lawsuit in New York City—where Molina travels frequently.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction is DENIED.

The Clerk of Court is directed to close the motion at ECF No. 12.

SO ORDERED:

Dated:   New York, New York
         April 16, 2013

                              _____
                              KATHERINE B. FORREST
                              United States District Judge